UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 20-01473-AB (JPRx) | Date: | April 23, 2021 |
|---|---|---|---|

| Title: | *Jose Tovar & Julieta Santiago v. FCA US LLC* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER RE: MOTIONS IN LIMINE**

Before the Court are Plaintiffs Jose Tovar and Julieta Santiago's
("Plaintiffs") and Defendant FCA US LLC's ("Defendant") Motions in Limine
("MIL"). The Court heard oral argument on April 9, 2021 and took the matters
under submission. For the reasons stated below, the Court rules as follows:

- Plaintiffs' MIL #3 and Defendant's MILs # 1, 2, 7, 8, and 9 are
  **GRANTED.**
- Defendant's MILs # 3 and 6 are **GRANTED IN PART**.
- All remaining MILs are **DENIED.**

I.    **PLAINTIFFS' MOTIONS IN LIMINE**

A.    **Plaintiffs' MIL #1: To Preclude Defendant From Referring to
       Any Purported Requirement of Submitting a Dispute to Any
       Informal Settlement Mechanism**

Plaintiffs seek to preclude Defendant and its witnesses from referring to any purported requirement that warranty disputes be submitted to a dispute resolution program. Defendant counters that it does not intend to argue that there was a dispute resolution *requirement* but that it does wish to show that there were multiple options that Plaintiffs could have pursued if they were unhappy with Defendant's repair offer—and that Plaintiffs chose to file this lawsuit instead.

Because Defendant has stated both in filings and at oral argument that it does not intend to assert that dispute resolution was a requirement, the Court **DENIES AS MOOT** Plaintiffs' MIL #1.

**B.    Plaintiffs' MIL #2: To Prohibit Introduction of Witnesses, Evidence, or Contentions Not Disclosed by Defendant in Discovery**

Although broadly titled, the substance of this motion seeks to exclude any evidence arguing that Plaintiffs were responsible for the defects of the vehicle. Defendant asserts it does not and will not contend that Plaintiffs are responsible for any nonconformity. Again, because Defendant has stated both in filings and at oral argument that it does not intend to argue that nonconformities resulted from Plaintiffs' actions, the Court **DENIES AS MOOT** Plaintiffs' MIL #2.

**C.    Plaintiffs' MIL #3: To Preclude Defendant From Referring to Attorneys' Fees**

Plaintiffs seek to exclude reference to their entitlement to recover attorneys' fees under Song-Beverly's fee-shifting provisions because it could confuse the jury and prejudice them to award a lesser amount to Plaintiffs. Defendant argues that this information can be used to inform the jury that the Court will decide attorneys' fees and that failure to disclose this information may lead the jury to inflate costs to cover attorneys' fees if they don't know about the fee-shifting provision.

The Ninth Circuit has warned that "informing the jury of the plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award" and "result in prejudice to the plaintiff." *Brooks*, 938

F.2d at 1051. Because of this risk of prejudice and the lack of relevance of attorneys' fees to the substantive nature of the claims, the Court **GRANTS** Plaintiffs' MIL #3.

### D.   Plaintiffs' MIL #4: To Exclude Testimony or Evidence Regarding Defendant's Ability to Repair or Cost of Repairing the Vehicle

Plaintiffs seek to exclude facts or evidence regarding whether the vehicle can be repaired, the cost to repair, and/or how it can be repaired because it's irrelevant and prejudicial. Plaintiffs state that this information will lead the jury to deny relief under the speculative notion that Defendant can repair the vehicle. Defendant argues that CACI 3204 allows the trier of fact to consider "the cost and length of time required for repair" and "the nature of the defect." Defendant counters that Plaintiffs are trying to prohibit the jury from learning that the vehicle has been repaired as stated in deposition testimony.

At oral argument, Plaintiffs argued that they want to exclude evidence of the current condition of the car after the lawsuit was filed. Specifically, Plaintiffs seek to preclude Defendant from asserting it could now fix any issues with the car. However, Plaintiffs also conceded that evidence of amount of money spent under the warranty should be admitted. Because Defendant should be allowed to present evidence of money spent on repairs during the warranty period, the Court **DENIES** Plaintiffs' MIL #4.

## II.   DEFENDANT'S MOTIONS IN LIMINE

### A.   Defendant's MIL #1: To Exclude Improper Legal Opinions

Defendant seeks to exclude Plaintiffs from testifying on anything that requires expert testimony or calls for legal conclusions. Plaintiffs rebut this argument stating they can properly testify about their personal experiences with the vehicle as lay witnesses.

Under the Song-Beverly Act, the determination of whether a nonconformity in a vehicle substantially impairs its use, value, and safety is "objective" and

"based on what a reasonable person would understand to be a defect." *Lundy v. Ford Motor Co.*, 87 Cal. App. 4th 472, 478 (2001); *see also LaPorta v. BMW of N. Am., LLC*, No. 17-cv-5145 KS, 2019 WL 988675, at *4 (C.D. Cal. Jan. 24, 2019) ("California law is well settled that the determination of whether a nonconformity substantially impairs the use, value and safety of a vehicle is an objective one.").

Plaintiffs' subjective expectations of how the Vehicle *should* operate are irrelevant to the claims and would serve only to confuse the issues for the jury. The parties agree that Plaintiffs may still give proper lay testimony about the substantial impairment of the vehicle that they have experienced. Such testimony would include: "[T]he nature of the defects; the cost and length of time required for repair; whether past repair attempts have been successful; the degree to which the goods can be used while repairs are attempted; [inconvenience to buyer]; and the availability and cost of alternative goods pending repair." *Lundy*, 87 Cal. App. 4th at 478 (alteration in original) (describing considerations for the trier of fact under the objective substantial impairment test).   Plaintiffs' may not, however, testify about ultimate legal conclusions as these are for the jury to decide. Accordingly, the Court **GRANTS** Defendant's MIL #1.

**B.     Defendant's MIL #2: To Exclude Issues Never Presented or Only Presented Once**

Defendant next moves to preclude Plaintiffs from offering evidence of concerns that have been presented only once or never presented to the dealership.

Section 1793.2 of the California Civil Code provides: If the manufacturer or its representative in this state is unable to service or repair a new motor vehicle, as that term is defined in paragraph (2) of subdivision (e) of Section 1793.22, to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either promptly replace the new motor vehicle in accordance with subparagraph (A) or promptly make restitution to the buyer in accordance with subparagraph (B). "The statute does not require the manufacturer to make restitution or replace a vehicle if it has had only one opportunity to repair that vehicle." *Silvio v. Ford Motor Co.*, 109 Cal. App. 4th 1205, 1208 (2003).

The plain language of § 1793.2(d)(2) is not so narrow as to apply only to discrete defects; it also applies to related defects. *Cf. Darling v. Green*, No. CV 12-362 PSG (SPX), 2013 WL 11323320, at *14-15 (C.D. Cal. Sept. 25, 2013) (under a federal statute similar to Song-Beverly, "[a] warrantor does not receive a 'reasonable number of attempts' to fix each discrete defect; it receives 'a reasonable number of attempts' to fix the underlying defects and any manifestation of that defect.") (emphasis in original).

At the hearing, the parties discussed evidence of an engine coil malfunction that Plaintiffs presented to the dealership in November 2019, outside the warranty period. Plaintiffs argued that this malfunction was related to engine ticking that had been repaired three years prior in August 2016. The Court finds the issues of engine ticking and a faulty engine coil are separate and unrelated and since the engine coil problems occurred after the warranty period, they are not related to any claims in the instant matter. For these reasons, the Court **GRANTS** Defendant's MIL #2.

### C.      Defendant's MIL #3: To Preclude Hearsay Statements by Dealership Witnesses

Defendant moves to exclude evidence, testimony, or reference to hearsay statements by employees of Puente Hills Chrysler Dodge Jeep Ram regarding the vehicle in question. Plaintiffs assert the statements are admissions or statements against interest and that evidence of Defendant's agency relationship can be determined from the Dealer Policy Manual which was designated as confidential under the parties' stipulation and protective order.

The Court finds that the employees of Puente Hills Chrysler Dodge Jeep Ram are agents of Defendant for purposes of admissions and statements against interest. However, in light of the Court's ruling on Defendant's MIL #2, the dealership witnesses are precluded from testifying about statements made outside the period of warranty. To the extent Plaintiffs seek to introduce dealership witness statements that occurred during the warranty period, the Court will allow it. Accordingly, the Court **GRANTS IN PART** Defendant's MIL #3.

**D.      Defendant's MIL #4: To Preclude Argument that Repair Orders Alone Impair Value**

Defendant seeks to preclude Plaintiff from submitting testimony, argument, or evidence that repair order *alone* impair the value of the vehicle. Plaintiffs argue they do not intend to argue that the vehicle cannot be sold because of the "mere existence of repair orders alone" and that the motion should be denied as vague and confusing. At oral argument, Plaintiffs stated they will not argue that the mere existence of repair orders impaired the value of the vehicle and that repair orders will be used to address complaints about the vehicle and the work done therein. In light of Plaintiffs' representations, the Court **DENIES AS MOOT** Defendant's MIL #4.

**E.      Defendant's MIL #5: To Exclude Plaintiffs' Expert Mario Haro**

Defendant argues that Mr. Haro should be excluded because he has never worked on the subject vehicle before, that he currently has no ASE certifications, and that he failed to perform tests or analysis on the vehicle. In his deposition, Mr. Haro testified that he has never repaired or worked on a similar model to the subject vehicle and does not have factory training on a Dodge Duango. Plaintiffs argue that Mr. Haro qualifies as an expert and that Defendant fails to identify how these issues identified would prevent Mr. Haro from serving as an expert.

At the hearing, Plaintiffs stated that Mr. Haro's testimony is based on his review of the subject vehicle's repair records which led to his conclusion that there were items floating in the engine. While the Court stated on the record that it has concerns about Mr. Haro's qualifications and the foundation for his testimony, at this stage and in an abundance of caution, the Court **DENIES** Defendant's MIL #5 without prejudice to renewal.

**F.      Defendant's MIL #6: To Exclude Use of the Term "Lemon" to Refer to the Subject Vehicle**

In MIL #6, Defendant argues that the term "lemon" will mislead the jury and create a substantial danger of undue prejudice. Plaintiffs counter that they should be allowed to use the term "lemon" because it is the colloquial term and that they "should not be forced to use clunky euphemisms that favor Defendant."

The Court agrees that referring to the Subject Vehicle as a "lemon" or using that descriptor in connection with the Subject Vehicle or the litigation more broadly will improperly elicit emotions from the jury, confuse the issues, or mislead the jury. *See Johnson v. Ford Motor Co.*, 35 Cal. 4th 1191, 1211 (2005) ("Even a vehicle with a defect is not necessarily a lemon. A 'nonconformity' requiring the vehicle's refund or replacement under [California] law must substantially impair[ ] the use, value, or safety of the new motor vehicle.' Not every customer complaint about a new car, or even every valid customer complaint, rises to that level. And customers and manufacturers frequently disagree about whether a defect has been repaired or a reasonable number of attempts have been made." (second alteration in original) (citation omitted) (quoting Cal. Civ. Code § 1793.22(e)(1) ); *Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 112, 129 (1995) (trial court excluded references to the term "lemon" in describing the subject vehicle).

However, the Court will not preclude the parties from using the term "Lemon Law" when referring specifically to the Song-Beverly Consumer Warranty Act. *See Jensen*, 35 Cal. App. at 130 ("[T]he Act is commonly referred to as the 'Lemon Law.' We are unpersuaded by the suggestion the term is inflammatory and prejudicial when used interchangeably with the name of the Act."). Accordingly, the Court **GRANTS IN PART** Defendant's MIL #6.

### G. Defendant's MIL #7: To Preclude Argument of Asymptomatic Service Recalls Unrelated to Plaintiffs' Warrantable Concerns

Defendant seeks to exclude evidence of three recalls that were never performed for issues presented by Plaintiffs. Plaintiffs argue that nothing in the statute requires that they actually experience the defect in order to admit it as evidence. Similar to the Court's ruling in Defendant's MIL #2, the Court **GRANTS** Defendant's MIL #7 because Plaintiffs did not present any asymptomatic service recalls to Defendants such liability under Song-Beverly could exist.

H.     **Defendant's MIL #8: To Exclude Evidence of Any Alleged Post
       Warranty Malfunctions or Nonconformities**

Defendant seeks to exclude evidence of the check engine light, vehicle
shaking, bad engine coil, and recommendation to replace the power steering pump
because they occurred after the one year limited express warranty. Plaintiffs argue
these malfunctions were covered under the original warranty because the dealer
had previous attempted to fix these defects during the one-year warranty period.
Plaintiffs also argue that there was a 5 year/500,000-mile powertrain warranty on
the vehicle.

After considering the parties' written and oral arguments, the Court
**GRANTS** Defendant's MIL #8 as it relates to malfunctions—specifically the
engine coil discussed above—that these occurred outside the warranty period
because were not related to prior malfunctions such that they are recoverable under
the Song-Beverly Act.

I.     **Defendant's MIL #9: To Exclude Non-Recoverable Damages**

Defendant seeks to exclude evidence of two nonrecoverable damages: $895
for Gap Contract and $1490 for Theft Patrol. Defendant also seeks to preclude
damages not disclosed (anything over the $44,940.36 minus the Gap Contract and
Theft Patrol) and any evidence of emotional distress damages.   Plaintiffs rebut by
arguing that these damages are incidental and should be provided as evidence to
the jury.

However, the law is clear: nonmanufactured items are not recoverable under
the Song-Beverly Act. *See Rupay v. Volkswagen Group of America, Inc.* 2012 WL
10634428, at *5 (C.D. Cal. 2013) ("[I]t is clear that the Song–Beverly Act permits
Defendant to exclude the value of the third party service and GAP insurance
contracts from its Repurchase Offer."

As to emotional distress, because the test for whether the noncomformity
substantially impairs the use, value, or safety of the vehicle is objective, Plaintiffs'
emotional distress is irrelevant and likely to confuse the jury (and Plaintiff did not
oppose this portion of the MIL). *See Lundy v. Ford Motor Co.*, 87 Cal. App. 4th
472, 478 (2001) ("Whether the impairment is substantial is determined by an

objective test, based on what a reasonable person would understand to be a defect.") The Court **GRANTS** Defendant's MIL #9.

## III.    CONCLUSION

For the reasons discussed above and at the April 9, 2021 hearing, the Court rules as follows:

- Plaintiffs' MIL #3 and Defendant's MILs # 1, 2, 7, 8, and 9 are **GRANTED.**
- Defendant's MILs # 3 and 6 are **GRANTED IN PART**.
- All remaining MILs are **DENIED.**

**IT IS SO ORDERED**.